UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE AMERICAN INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CAUSE NO. 3:12-CV-122 RLM ) |
| LIBERTY HOMES, INC., | ) ) |
| Defendant | ) |

OPINION and ORDER

Based on the court's entry of summary judgment for American Insurance Company and Associated Indemnity Corporation (collectively, Fireman's Fund) on their complaint and on Liberty Homes' counterclaim, Fireman's Fund has filed a request for an award of damages, interest, fees, and costs. Liberty Homes responds that it has no objection to the amounts Fireman's Fund seeks for damages, interest, and costs, and doesn't dispute that Fireman's Fund is entitled to attorneys' fees for the number of hours claimed to have been spent on this case, but, Liberty Homes says, the hourly rates charged by the associate attorneys who performed work on this case are unreasonable and should be reduced.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Reasonable fees are to be calculated according to prevailing market rates in the

community. Blum v. Stenson, 465 U.S. 886, 895 (1984). An attorney's actual billing rate for comparable work is presumed to be a reasonable hourly rate. Jeffboat, LLC v. Director, Office of Workers' Comp. Programs, 553 F.3d 487, 490 (7th Cir. 2009); People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310 (7th Cir. 1996). Generally, "the best evidence of whether an attorney's fees are reasonable is whether a party has paid them." Cintas Corp. v. Perry, 517 F.3d 459, 469 (7th Cir. 2008).

Fireman's Fund submits the declaration of Ryan Russell, an attorney who has worked for Fireman's Fund since 1999 as senior counsel in the litigation area and, currently, as the company's assistant vice president of litigation and reinsurance. Deft. Exh. 3, ¶¶ 3-6. Mr. Russell says most of his work with Fireman's Fund has focused on the litigation of insurance disputes, so he is familiar with the rates typically charged by firms practicing in the area of complex insurance litigation. Deft. Exh. 3, ¶¶ 6-7.

Mr. Russell reports that when hiring outside counsel to represent Fireman's Fund in cases like this one, Fireman's Fund must approve counsels' hourly rates, counsel must agree not to increase those rates without Fireman's Funds approval, and counsel must agree to abide by Fireman's Fund's billing guidelines. Deft. Exh. 3, ¶ 9. According to Mr. Russell, the billing guidelines include (i) a requirement that discrete tasks be billed separately (no "block billing"), (ii) restrictions on multiple attorneys performing the same task, (iii) pre-approval for lengthy research projects, (iv) a requirement that billing for travel time be at one-half the time spent

traveling, (v) a restriction on billing by attorneys for routine tasks (*e.g.*, indexing and filing), and (vi) a requirement that if Fireman's Fund pays an invoice within thirty days of its issuance, the company will be entitled to a 5% discount on the fee portion of the bill. Deft. Exh. 3, ¶ 9.

Mr. Russell says he retained Michael McCluggage and John Street of the Chicago firm of Edwards Wildman Palmer LLP in January 2012 to represent Fireman's Fund "because they had substantial experience in litigating insurance disputes and particular experience with the collection of amounts owed under the loss sensitive workers' compensation insurance programs, including programs where the insured contends that claims were 'mishandled' under the insurance program." Deft. Exh. 3, ¶ 8. The attorneys and Fireman's Fund agreed to the following rates: Mr. McCluggage, $600 per hour; Mr. Street, $400 per hour; senior associate Patrick Frye, $340 per hour; and junior associate Jeff Stevenson, $250 per hour.[1] Deft. Exh. 3, ¶ 10. Mr. Russell says that based on his experience, those hourly rates were reasonable – "in the middle of the range of rates typically charged by firms for such work" – for counsel representing an insurer in complex insurance dispute litigation. Deft. Exh. 3, ¶ 12.

Mr. Russell says Fireman's Fund's review of attorneys' invoices for reasonableness and compliance with the company's procedures, coupled with the discount for prompt payment, resulted in reductions to the fee requests of

---

[1] When Messrs. McCluggage and Street later joined Eimer Stahl LLP, another Chicago law firm, Mr. Street agreed to continue to handle the case at the same hourly rate and in conformity with Fireman's Fund's billing guidelines and other procedures. Deft. Exh. 3, ¶ 16.

$17,602.67 on invoices from Edwards Wildman and $1,314.40 on an invoice from Eimer Stahl. Deft. Exh. 3, ¶ 17. Mr. Russell reports that Fireman's Fund has paid $135,395.30 in legal fees, $1,654.16 in expenses, $8,011.15 for expert fees, and $1,051.57 for electronic discovery and copying fees, for a total of $146,112.18. Deft. Exh. 3, ¶ 21.

Fireman's Fund also relies on the declaration of R. John Street, who represents Fireman's Fund in this matter. Mr. Street says he's worked as an attorney in Chicago since 1986, and his primary focus since 1990 has been litigation and counseling on insurance issues, "including at least seven other litigated matters arising under loss sensitive insurance programs in which the insured alleges that claims were mishandled." Deft. Exh. 4, ¶ 4. Mr. Street says his handling of this matter at an agreed rate of $400 per hour was substantially below his normal hourly rates of $490 per hour in 2012 and $500 per hour in 2013. Mr. Street reports that the agreed hourly rates for Mr. Frye ($360 per hour) and Mr. Stevenson ($250 per hour) were consistent with their normal hourly rates for 2012 and were discounted from their 2013 rates ($395 per hour for Mr. Frye; $270 per hour for Mr. Stevenson). Deft. Exh. 4, ¶ 7. Fireman's Fund notes that most tasks were performed by associate attorneys whose billing rates were lower than rates charged by partners.

Mr. Street has set forth a summary of the work he and the other attorneys performed on this case. Deft. Exh. 4, ¶ 11. He says the subject matter of the dispute was complex because the amounts in dispute related to several

4

agreements and policies; Liberty Homes' allegation that Fireman's Fund mishandled certain claims required a complete assessment of the work done on those claims; discovery was extensive ("Over 7,000 pages of documents relating to the insurance programs and the claims at issue were produced by the parties [and] a third party produced over 600 pages of documents."); depositions included Liberty Homes' senior executives and an expert retained by Fireman's Fund; and the summary judgment submissions were substantial. Deft. Exh. 4, ¶ 13.

Fireman's Fund concludes that the declarations of Ryan Russell and John Street show that the attorneys' fee requests were reviewed and discounted prior to payment, so an award of fees and costs in the amount of $146,112.18 is reasonable.

Liberty Homes challenges the hourly rates charged by the associate attorneys who performed work for Fireman's Fund on this case. Liberty Homes says the rates charged by Patrick Frye and Jeff Stevenson – ranging from $250 to $360 per hour – are out of line with hourly rates charged by associate attorneys in the Northern District of Indiana area where Liberty Homes is headquartered. Liberty Homes notes that Rule 1.5(a)(3) of the Indiana Rules of Professional Conduct provides that one factor to be considered in determining a fee's reasonableness is "the fee customarily charged in the locality for similar legal services." Liberty Homes relies on the declaration of its counsel R. Lawrence Steele, who says, based on his thirty years of experience in this court and confirmation by other experienced attorneys in this district, rates for associate

attorneys in this area generally range from $150 to $220 per hour. Resp., Steele Dec., ¶¶ 3-4. Liberty Homes concludes that the fees requested by Fireman's Fund "are unreasonable under the circumstances and should be accordingly reduced." Resp. Memo., at 3.

> [J]ust because the proffered rate is higher than the local rate does not mean that a district court may freely adjust that rate downward. . . . [I]f an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate . . . though if local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service.

Mathur v. Board of Trustees of Southern Ill. Univ., 317 F.3d 738, 743-744 (7th Cir. 2003) (internal quotation and citation omitted).

Ryan Russell states in his declaration that Fireman's Fund hired Edwards Wildman attorneys "because they had substantial experience in litigating insurance disputes and particular experience with the collection of amounts owed under the loss sensitive workers' compensation insurance programs, including programs where the insured contends that claims were 'mishandled' under the insurance program." Deft. Exh. 3, ¶ 8. Liberty Homes hasn't alleged or argued that local attorneys would have been able or available to undertake representation of Fireman's Fund in this litigation.

Mr. Russell says the hourly rates charged to Fireman's Fund by Messrs. Street, Frye, and Stevenson were lower than their usual rates, were reasonable for complex insurance dispute litigation, and were "in the middle of the range of rates

6

typically charged by firms for such work." Deft. Exh. 3, ¶ 12. Liberty Homes hasn't challenged Mr. Russell's statements or suggested the hourly rate it believes would constitute a reasonable hourly rate for the work performed by Patrick Frye and Jeff Stevenson in this case.

Fireman's Fund also represents that the company negotiated with Edwards Wildman for the lower-than-usual hourly rates and paid invoices in a prompt manner to take advantage of the available discount. Liberty Homes hasn't designated any evidence to the contrary.

That rates for associate attorneys in Chicago are higher than rates for associate attorneys in the Northern District of Indiana doesn't establish that the hourly rates charged by the Edwards Wildman associates were unreasonable. *See* Kaylor-Trent v. John C. Monewicz, P.C., 916 F. Supp. 2d 878, 884 (C.D. Ill. 2013) (In considering prevailing market rates, "the term 'community' does not necessarily mean the local market area."); Needham v. Innerpac, Inc., No. 1:04-CV-393, 2008 WL 5411638, at *3 (N.D. Ind. Dec. 24, 2008) ("An attorney's market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question."). Therefore, the court GRANTS the motion of Fireman's Fund [docket # 67] for

    (a) damages in the amount of $148,908;

    (b) interest in the amount of $43,921; and

    (c) attorneys' fees and costs in the amount of $146,112.18,

for a total award of $338,941.18.

SO ORDERED.

ENTERED:   November 26, 2013

                                          /s/ Robert L. Miller, Jr.
                                       Judge, United States District Court